IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 1:17-cr-03569-WJ

JERRY JOHNSON JR.,

    Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**THIS MATTER** comes before the Court upon Defendant Jerry Johnson's *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (**Doc. 49**). The Government filed a response in opposition (**Doc. 52**). The Court, having reviewed the pleadings and applicable law, concludes it lacks jurisdiction to modify the sentence or grant relief. Accordingly, the Defendant's Motion is **DISMISSED without prejudice**.

### BACKGROUND

In August 2018, Johnson pleaded guilty, under Fed. R. Crim. P. 11(c)(1)(C), to one count of second-degree murder committed in Indian Country (**Doc. 38**). He was sentenced to a total term of 161 months imprisonment followed by five years under supervised release (**Doc. 48**). Defendant Johnson filed this instant Motion for compassionate release on April 28, 2023 (**Doc. 49**).

Defendant Johnson requests compassionate release on the grounds that he suffers from physical and mental issues. **Doc. 49 at 2–3**. Specifically, Johnson explains he has a brain injury, poor vision, hearing loss, impaired consciousness, loss of smell and taste, forgetfulness, and two

knee injuries[1]. There is no mention of administrative remedies taken in Defendant Johnson's filing (**Doc. 49**). The Government opposes the motion—and specifically argues that Johnson failed to exhaust (let alone initiate) his administrative rights before seeking compassionate release. **Doc. 52 at 1, 7–10**. For the reasons below, the Court dismisses the motion.

## LEGAL STANDARD FOR COMPASSIONATE RELEASE

Under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018, a court may modify a term of imprisonment "upon motion of the defendant *after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added); First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. This exhaustion requirement is jurisdictional, meaning a district court is not empowered to consider a petition for compassionate release unless the Defendant exhausted his administrative rights. 18 U.S.C. §3582(c)(1)(A). Specifically, district courts in the Tenth Circuit require *either* no response from the warden within thirty days of filing the initial request *or* full administrative exhaustion—including, internal administrative appeals of the warden's decision. *See United States v. Norwood*, No. 06-180, 2020 U.S. Dist. LEXIS 153561, at *2 (W.D. Okla. June 15, 2020) (citing cases); *see also United States v. Candelaria*, No. 04-75, 2020 U.S. Dist. LEXIS 156457, at *3 (D.N.M. Aug. 27, 2020) ("[A] district court may not consider a request for compassionate release unless and until the prisoner has exhausted all administrative remedies.").

When a prisoner has exhausted administrative remedies, the Tenth Circuit has held that § 3582(c)(1)(A)(i) creates a "three-step test" for evaluating compassionate release. *United States*

---

[1] The Court notes that the lack of smell, headaches, and dizziness stem from a brain injury in 1997—factors the Court was aware of at sentencing. **Doc. 41, PSR, at ¶ 79**.

*v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021); *see also United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). A district court may grant a motion for compassionate release if three requirements are met: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the court considers the § 3553(a) factors, to the extent they are applicable. The Court may deny a compassionate release motion based on lack of any of the three prerequisites listed in § 3582(c)(1)(A) and does not need to address the others. *McGee*, 992 F.3d at 1043; *Maumau*, 993 F.3d at 831 n.4; *United States v. Hald*, 8 F.4th 932, 936 (10th Cir. 2021).

## DISCUSSION

### I. Defendant Johnson has not exhausted his administrative rights

Here, the record is wholly lacking any indicia of administrative remedies sought by Defendant Johnson. The Government highlights that no Bureau of Prisons records were ever generated by Defendant Johnson requesting a compassionate release from the warden. **Doc. 52 at 7**. Because Mr. Johnson has not shown that he has initiated or exhausted his administrative rights, the Court lacks jurisdiction to decide his motion. *See United States v. Johnson*, 766 F. App'x 648, 651 (10th Cir. 2019) (noting that when a court lacked statutory authority to modify a sentence, it "should have dismissed the motion for lack of jurisdiction"); *see also United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (holding that "dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of" a § 3582 motion where the defendant failed to meet a statutory exception).

Given the absence of administrative exhaustion, the Court lacks jurisdiction to address the merits of Defendant Johnson's motion.

**II. Absence of extraordinary and compelling reasons**

Even assuming the Court has jurisdiction[2] to proceed to the merits, the Defendant's motion is not well-taken. The Defendant asserts his factual circumstances—namely his personal health ailments—amount to extraordinary and compelling circumstances. **Doc. 49**. Compassionate release for medical conditions is to be treated as a rare event. *United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019). Turning to the Sentencing Commission's policy statements for guidance, the Commission identifies two categories of medical conditions as extraordinary and compelling reasons that may justify release. First, terminal illnesses such as cancer, ALS, and end-stage organ disease. U.S.S.G. § 1B1.13 cmt. 1(A)(i). Second, serious physical or cognitive conditions "that substantially diminish[] the ability of the defendant to provide self-care . . . and from which he or she is not expected to recover." § 1B1.13 cmt. 1(A)(ii). The Defendant has not identified any medical conditions that satisfy § 1B1.13 or otherwise warrant granting his compassionate release.

Additionally, the Sentencing Commission's policy focuses on community safety. U.S.S.G. §1B1.13(2). In essence, Defendant Johnson contends he is too frail to pose a risk of danger. **Doc. 49**. The United States disagrees, noting he is "fully ambulatory and engages in all normal activities of daily living." **Doc. 52 at 11**. The Government further explains Defendant Johnson presents a danger to his community—citing his lengthy history of substance abuse and frequent arrests. **Doc. 52 at 12; Doc. 41, PSR, ¶ 57–58, 84–87, 111**. The Court finds the nature and seriousness of the offense are enough to deny the motion for compassionate release. *See United States v.*

---

[2] The Tenth Circuit has not squarely addressed the jurisdictional issue of compassionate release. *Compare United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996) (treating the language in § 3582(c)(2) as jurisdictional), *with United States v. Sandoval-Flores*, 665 F. App'x 655, 656 n.1 (10th Cir. 2016) (unpublished) (acknowledging the non-jurisdictional view may be "the better approach"); *see generally United States v. Springer*, 820 F. App'x 788 (10th Cir. 2020) (unpublished) (affirming a district court's denial of compassionate release motion for failure to exhaust without discussing the district court's jurisdiction).

*Chavez-Cadenas*, 2021 U.S. App. LEXIS 37800, at *5 (10th Cir. 2021) (unpublished). As applied to Defendant Johnson, a compassionate release does not comport with the nature and circumstances of the offense, promote respect for the law, or provide just punishment for the offense.

After conducting an individualized evaluation of the Section 3553(a) factors, the Sentencing Commission's policy statements, and the applicable case law, the Court finds the circumstances presented by the Defendant do not rise to the extraordinary and compelling level for granting a compassionate release.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Compassionate Release (**Doc. 49**) is **DISMISSED without prejudice** for lack of jurisdiction.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE